**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

In re NATHANIEL HENRY TUGGLE,   )   Case No. 04-64212-7
                                )
Debtor,                         )
                                )

**MEMORANDUM**
**and**
**ORDER**

On November 10, 2004, the debtor filed a chapter 7 petition. On July 9, 2002, the chapter 7 trustee filed a motion for compensation. The trustee's motion indicates that the total amount distributed, or to be distributed, in this case is $10,377.84. The trustee's motion requests compensation totaling $1,787.75 and reimbursement of costs totaling $56.80. The motion is supported by detailed time sheets indicating that the trustee spent 4.1 hours administering the estate at an hourly rate of $180.00 for a total of $738.00.

The Bankruptcy Code provides a limitation on the amount that a chapter 7 trustee may receive.

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess

1

> of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

The trustee's request of $1,787.75 constitutes the maximum allowable compensation under Section 326(a). The amount provided by section 326(a) is a limiting maximum, not a commission.

> . . . It must be emphasized that this section does not authorize compensation of trustee. This section simply fixes the maximum compensation of a trustee. Proposed 11 U.S.C. 330 authorizes and fixes the standard of compensation.

(H.R. Rep No. 595, 95th Cong., 1st Sess. 327 (1977)). "However, the determination of a maximum limit under § 326 does not create an entitlement to that amount." In re Hobbs, 108 B.R. 93, 94 (Bankr. D.Md. 1989).

"The Trustee must show the Court that the services rendered justify compensation at a reasonable rate." In re Orthopaedic Technology, Inc., 97 B.R. 596, 601 (B.C.Colo.1989) (cited with approval by the court in Hobbs.) The proper standard is that provided in 11 U.S.C. § 330, which provides in relevant part:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103--
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
> (3)(A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
> (A) [so in the original] the time spent on such services;
> (B) the rates charged for such services;

>(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The process to be used is referred to as the "lodestar" analysis. Calculating the lodestar amount involves a two-step process, in which courts determine the reasonable number of hours expended and then multiply that number by the appropriate hourly billing rate. The resulting figure is the allowable amount of compensation. 3 Collier on Bankruptcy, "Compensation of Officers", ¶ 330.04[3][c], p. 330-38 (15th ed. rev.).

The trustee's requested billing rate is $180.00. This amount is reasonable and will be allowed. The detailed time sheets indicate that the trustee spent 4.1 hours administering the estate. The allowed compensation shall be $738.00 for fees and $56.80 for costs.

The order on this matter shall not be effective for fifteen days for the date of entry of this order on docket. The trustee shall have fifteen calendar days from the date of the entry of this order on docket to set the matter on calendar for hearing. If the chapter 7 trustee fails to do so, the order on this matter will become final.

**<u>ORDER</u>**

For the above stated reasons, the chapter 7 trustee in this case shall be allowed compensation in the amount of $738.00 for fees and $56.80 for costs.

This order shall not be effective until the date that is sixteen days after the date of entry of this order on docket. If she wishes to contest the matter, the trustee shall have fifteen calendar days from the date of the entry of this order on docket to set the matter on calendar for hearing. If the chapter 7 trustee fails to so set this matter down for hearing on calendar, the order on this matter will

become final.

So ORDERED.

Upon entry of this memorandum and order the Clerk shall forward copies to Evelyn K. Krippendorf, Esq., and the United States trustee.

Entered on this  21st  day of February, 2006.

_____
William E. Anderson
United States Bankruptcy Judge